**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MALCOLM A. RAHMEEN, | ) | 3:21-CV-905 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MAURA ATKINSON, | ) | |
| *Defendant*. | ) | April 21, 2023 |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In this prisoner civil rights action brought under 42 U.S.C. § 1983, *pro se* Plaintiff Malcolm

A. Rahmeen asserts Fourth and Fourteenth Amendment claims relating to a strip search that was

conducted in the presence of Defendant, Maura Atkinson, who is female. Following initial review,

the Court (Covello, J.), dismissed the federal Fourteenth Amendment claim and state statutory

claims. *See* ECF No. 9. The remaining claim is a Fourth Amendment privacy claim asserted

against Defendant in her individual capacity. *Id.* at 4, 8.

Defendant now moves for summary judgment on two grounds: (1) Plaintiff failed to

exhaust his administrative remedies before commencing this action; and (2) Plaintiff fails to state

a cognizable Fourth Amendment claim. Although Defendant informed Plaintiff of his obligation

to respond to the motion, *see* ECF No. 35-10, and the Court *sua sponte* extended Plaintiff's

deadline to respond, *see* ECF No. 36, Plaintiff did not file a response to the motion.

Because the Court concludes Plaintiff failed to exhaust his administrative remedies before

filing this suit, Defendant's motion is GRANTED.

**I.      FACTUAL BACKGROUND**

The following facts are taken from Defendant's Local Rule 56(a)1 Statement and

supporting exhibits. As Plaintiff has not opposed Defendant's summary judgment motion and has

not submitted a statement pursuant to Local Rule 56(a)2, the Court will deem the facts set forth in Defendant's Local Rule 56(a)1 Statement admitted where they are supported by evidence. *See* D. Conn. L. Civ. R. 56(a)1 ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for the purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact.").

On April 13, 2021, while assigned to Corrigan-Radgowski Correctional Center, Plaintiff refused his housing and was thus going to be moved to the restrictive housing unit ("RHU"). Def.'s L.R. 56(a)1 St., ECF No. 35-2, ¶ 1. Various correctional officers and Defendant, who was then a supervisory lieutenant, arrived to take Plaintiff to the RHU. *Id.* ¶ 3. Plaintiff was required to undergo a routine strip search before placement in the restrictive housing unit. *Id.* ¶ 10. When Plaintiff failed to comply with orders to submit to a routine strip search and acted in an aggressive manner, Defendant determined that a controlled strip search, in which correctional officers maintain physical, hands-on control of the inmate through the use of restraints or restraint techniques, was warranted. *Id.* ¶¶ 11–13, 15. The search was performed by male officers but Defendant, a female custody supervisor, observed the search. *Id.* ¶¶ 18–22.

At no time between April 13, 2021, and June 30, 2021, did Plaintiff file an administrative grievance related to this issue. *Id.* ¶ 45. Plaintiff was released from prison on June 9, 2021, and he was placed at Connecticut Valley Hospital for treatment. Compl., ECF No. 1 at 9, ¶ 7.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the

determination of the fact might affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'"  *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor.  *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable

inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted).  "[O]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Moreover, the Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).

### III.   DISCUSSION

Because Plaintiff failed to exhaust his administrative remedies, Defendant's motion for summary judgment is granted.

### A.  Prison Litigation Reform Act Exhaustion Requirements

The Prison Litigation Reform Act requires that all inmates exhaust administrative remedies before filing a federal lawsuit related to prison conditions.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  The exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002).

Exhaustion of all available administrative remedies must occur regardless of whether the administrative procedures provide the relief that the inmate seeks.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001).  Furthermore, prisoners must comply with all procedural rules regarding the grievance process prior to commencing an action in federal court.  *See Woodford v. Ngo*, 548 U.S.

81, 90–91, 93 (2006) (proper exhaustion "means using all steps that the agency holds out and doing so properly (so that the agency addresses the issues on the merits)" and "demands compliance with agency deadlines and other critical procedural rules") (cleaned up)).  Special circumstances will not relieve an inmate of his or her obligation to adhere to the exhaustion requirement.  *See Ross v. Blake*, 578 U.S. 632, 642 (2016).  An inmate's failure to exhaust administrative remedies is only excusable if the remedies are in fact unavailable.  *Id.*

### B.  Connecticut Department of Correction Administrative Remedies

The administrative remedies for the Connecticut Department of Correction are set forth in Administrative Directive 9.6.  *See* Administrative Directive 9.6, Inmate Administrative Remedies (revised August 15, 2013), ECF No. 35-7 (version in effect at the time of the incident).[1]  Claims relating to conditions of confinement are subject to requirements of Directive 9.6.  *See Silva v. Kilham*, No. 3:19-CV-01719 (VLB), 2020 WL 7388960, at *5 (D. Conn. Dec. 16, 2020).

Under Administrative Directive 9.6, inmates are required to first attempt to resolve the matter informally.  Specifically, an inmate can attempt to verbally resolve the issue with an appropriate staff member or supervisor.  *See* ECF No. 35-7 at 9.6(6)(A); ECF No. 35-8 at 9.6(6)(a)(i)(1) & (2).  If the attempts to resolve the matter verbally are not effective, the inmate can make a written request for informal resolution by sending a specific form to the appropriate staff member.  *See* ECF No. 35-7 at 9.6(6)(A); ECF No. 35-8 at 9.6(6)(a)(i)(3).  The written form is required to "clearly state the problem and the action requested to remedy the issue."  *See* ECF No. 35-7 at 9.6(6)(A); ECF No. 35-8 at 9.6(6)(a)(i)(4)(a).  Correctional staff are required to respond to a written request form within fifteen business days of receipt.  *See* ECF No. 35-7 at

---

[1] The directive was revised on April 30, 2021.  ECF No. 35-8.  Except in one instance noted below, the administrative remedy procedure did not change.  Because the directive was revised during the time within which Plaintiff was required to exhaust his administrative remedies, the Court cites the requirements under both versions of the directive.

9.6(6)(A); ECF No. 35-8 at 9.6(6)(a)(i)(8).  If an inmate does not receive a response to the written request within fifteen business days or if the inmate is not satisfied with the response to his request, the inmate can file a Level 1 grievance.  *See* ECF No. 35-7 at 9.6(6)(C); ECF No. 35-8 at 9.6(6)(a)(ii)(1) & (2).  The Level 1 grievance is required to be filed within thirty calendar days from the date of the occurrence or discovery of the cause of the grievance, and inmates are directed to include with the grievance a copy of the response to the inmate's written request to resolve the matter informally or an explanation for why the response is not attached.  *See* ECF No. 35-7 at 9.6(6)(C); ECF No. 35-8 at 9.6(6)(a)(i)(2)–(4).  The Unit Administrator must respond in writing to the Level 1 grievance within thirty business days of his or her receipt of the grievance.  *See* ECF No. 35-7 at 9.6(6)(I); ECF No. 35-8 at 9.6(6)(b)(i)(3).  The grievance can be returned without disposition, rejected, denied, compromised, upheld, or withdrawn.  *See* ECF No. 35-7 at 9.6(6)(D) &(E); ECF No. 35-8 at 9.6(5)(n)(i).

The procedures further provide that the inmate can appeal the Unit Administrator's disposition of the Level 1 grievance, or the Unit Administrator's failure to dispose of the grievance in a timely manner, through a Level 2 grievance.  *See* ECF No. 35-7 at 9.6(6)(G), (I), (K); ECF No. 35-8 at 9.6(6)(b)(ii).  An inmate seeking to appeal a Level 1 grievance is required to file the Level 2 appeal within five calendar days of the inmate's receipt of the decision on the Level 1 grievance.  *See* ECF No. 35-7 at 9.6(6)(K); ECF No. 35-8 at 9.6(6)(b)(ii)(1).  An inmate seeking to appeal the Unit Administrator's failure to dispose of the Level 1 grievance in a timely manner is required to do so within sixty-five days of the date the Level 1 grievance was filed by the inmate. *See* ECF No. 35-7 at 9.6(6)(M); ECF No. 35-8 at 9.6(6)(b)(ii)(2).  Level 2 appeals of inmates confined in Connecticut correctional facilities are reviewed by the appropriate District Administrator.  *See* ECF No. 35-7 at 9.6(6)(K)(1); ECF No. 35-8 at 9.6(6)(b)(ii)(3)(a).  The District

Administrator must respond to the Level 2 appeal within thirty business days of receipt of the appeal. *See* ECF No. 35-7 at 9.6(6)(K); ECF No. 35-8 at 9.6(6)(b)(ii)(4).

Level 3 appeals are restricted to challenges to department policy, challenges to the integrity of the grievance procedure, and Level 2 appeals to which there had been no timely response by the District Administrator. *See* ECF No. 35-7 at 9.6(6)(L); ECF No. 35-8 at 9.6(6)(b)(iii)(1). A Level 3 appeal is required to be filed within five calendar days from the inmate's receipt of the decision on the Level 2 appeal. *See* ECF No. 35-7 at 9.6(6)(L); ECF No. 35-8 at 9.6(6)(b)(iii)(2). A Level 3 appeal of the District Administrator's failure to dispose of the Level 2 appeal in a timely manner was required to be filed within thirty-five calendar days of the filing of the Level 2 appeal, under the version of A.D. 9.6 applicable until April 30, 2021, *see* ECF No. 35-7 at 9.6(6)(M), or within sixty-five calendar days of the filing of the Level 2 appeal, under the version of A.D. 9.6 applicable after April 30, 2021. ECF No. 35-8 at 9.6(6)(b)(iii)(2)(a). Level 3 appeals are reviewed by the Commissioner of the Department of Correction or his designee. *See* ECF No. 35-7 at 9.6(6)(L); ECF No. 35-8 at 9.6(6)(b)(iii)(3).

## C.  Plaintiff's Failure to Exhaust Administrative Remedies

In this case, the controlled strip search was conducted on April 13, 2021. As Administrative Directive 9.6 requires that any grievance be filed no later than thirty days after the date of the occurrence or discovery of the cause for the grievance, Plaintiff should have filed any grievance relating to his claims in this case no later than May 13, 2021, thirty days after the search.

In support of her motion for summary judgment, Defendant has submitted the declaration of Administrative Remedies Coordinator ("ARC") Michelle King, who states that Plaintiff filed no grievances between April 13, 2021, and June 30, 2021. *See* King Decl., ECF No. 35-6, ¶ 25. As part of her duties, ARC King maintains the grievance log, a record of all grievances and

grievance appeals filed by inmates at Corrigan-Radgowski Correctional Center.  ARC King attaches to her declaration a copy of the grievance log covering the period from April 13, 2021, through June 30, 2021.  *See* ECF No. 35-9.  The log supports her statement that Plaintiff filed no grievances during this period.  Nor does the log show that Plaintiff filed any grievance that was rejected and returned to him.

Because Plaintiff failed to respond to Defendant's motion, he has presented no evidence in opposition to Defendant's motion showing that he exhausted his administrative remedies or, alternatively, that the prison's administrative remedies were somehow unavailable to him. Accordingly, Defendant's motion for summary judgment is granted on the ground that Plaintiff failed to exhaust administrative remedies before commencing this action.  Given this holding, the Court need not reach Defendant's other argument in support of summary judgment.

### IV.    CONCLUSION

Defendants' motion for summary judgment, ECF No. 35, is **GRANTED**.  The Clerk is directed to enter judgment and close this case.


**SO ORDERED** at Hartford, Connecticut, this 21st day of April, 2023.


     */s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE